IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARYALICE INSKEEP,                          3:15-cv-00759-BR

         Plaintiff,                         OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

         Defendant.


**BRUCE W. BREWER**
P.O. Box 421
West Linn, OR 97068
(503) 621-6633

         Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1011

**DAVID MORADO**
Regional Chief Counsel
**JORDAN D. GODDARD**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
(206) 615-2733

         Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

Plaintiff Maryalice Inskeep seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Act.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a thorough review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for DIB on September 22, 2011. Tr. 112.[1] Her application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on August 5, 2013, at which Plaintiff was represented by an attorney. Tr. 30. A vocational expert (VE) also testified at the hearing. Tr. 30.

The ALJ issued a decision on October 11, 2013, in which he found Plaintiff is not entitled to benefits. Tr. 10-25. That

---

[1] Citations to the official transcript of record filed by the Commissioner on September 15, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

decision became the final decision of the Commissioner on February 27, 2015, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on October 30, 1948; was 64 years old on the date of the hearing; and has a bachelor's degree.  Tr. 33, 112.  Plaintiff has prior relevant work experience as a registered nurse.  Tr. 23.

Plaintiff alleges disability since September 14, 2010, due to depression, anxiety, laminectomy and laminotomy, bilateral hip replacements, bilateral neuropathy in her feet, high cholesterol, hypertension, bilateral hand and feet psoriasis, osteoporosis, and a "back inj[ury]."  Tr. 132.  Plaintiff's date last insured was September 31, 2014.  Tr. 128.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 13-23.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th

3 - OPINION AND ORDER

Cir. 2012).  To meet this burden a claimant must demonstrate her
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

     The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161
(9th Cir. 2012).  Substantial evidence is "relevant evidence that
a reasonable mind might accept as adequate to support a
conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v.
Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It
is "more than a mere scintilla" of evidence but less than a
preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

     The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it

supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act. *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser,* 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc.*

5 - OPINION AND ORDER

*Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20
C.F.R. § 404.1520(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a
claimant's impairments meet or equal one of the listed
impairments and are so severe that they preclude substantial
gainful activity.  The claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§ 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The
criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§ 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885

F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's
RFC is at the heart of Steps Four and Five of the sequential
analysis when the ALJ is determining whether a claimant can still
work despite severe medical impairments.  An improper evaluation
of the claimant's ability to perform specific work-related
functions "could make the difference between a finding of
'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).
*See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also
Keyser,* 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.
Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 404.1520(g)(1).

**ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since September 14, 2010, her alleged onset date.  Tr. 12.

At Step Two the ALJ found Plaintiff has the following severe impairments:  osteoarthritis and allied disorders, spine disorders, and peripheral neuropathy.  Tr. 13-16.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 16.

In his assessment of Plaintiff's RFC the ALJ found Plaintiff has the functional capacity to perform a range of light work that includes being limited to carrying 20 pounds occasionally and 10 pounds frequently; standing and walking six hours in an eight-hour workday; sitting six hours in an eight-hour workday; occasionally climbing ramps, stairs, ladders, ropes, and scaffolds; and frequently stooping, kneeling, crouching, and crawling.  Tr. 16-23.

At Step Four the ALJ found Plaintiff is unable to perform her past relevant work as a registered nurse.  Tr. 23.

At Step Five, however, the ALJ determined Plaintiff acquired skills from her past relevant work that are transferrable to other occupations in the national economy and that Plaintiff can perform, including work as an occupational-health nurse and a

medical assistant.  Tr. 23-24.

Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 24.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) found at Step Two that Plaintiff's mental impairments were nonsevere; (2) discredited Plaintiff's testimony; and (3) discredited the opinion of Kate Commerford, Ph.D.

**I.   Step Two**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. §§ 416.921(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting.

*Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if
> it is a slight abnormality which has such a minimal
> effect on the individual that it would not be expected
> to interfere with the individual's ability to work
> . . . . [T]he severity regulation is to do no more
> than allow the Secretary to deny benefits summarily to
> those applicants with impairments of a minimal nature
> which could never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).
The "step-two inquiry " is 'a *de minimis* screening device to
dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d
1152, 1158 (9th Cir. 2001)(quoting *Smolen v. Chater*, 80 F.3d
1273, 1290 (9th Cir. 1996)).

The Ninth Circuit has held when the ALJ has resolved Step
Two in a claimant's favor, any error in designating specific
impairments as severe does not prejudice a claimant at Step Two
if the ALJ considered the impairments when formulating his
assessment of Plaintiff's RFC. *Burch v. Barnhart*, 400 F.3d 676,
682 (9th Cir. 2005)(any error in omitting an impairment from the
severe impairments identified at Step Two was harmless when Step
Two was resolved in claimant's favor).

Plaintiff contends the ALJ erred when he found at Step Two
that Plaintiff did not have any mental impairments that
constituted "severe impairments." The ALJ declined to include
any mental impairments at Step Two because the ALJ found mental-
status examinations throughout the record reflects normal

10 - OPINION AND ORDER

findings, the record reflects Plaintiff's mental-health symptoms
showed improvement, Plaintiff's "mood problems appear primarily
situational," and Plaintiff engaged in activities that are
inconsistent with disabling mental-health limitations.  Tr. 15.
Applying the "paragraph B" criteria, the ALJ concluded
Plaintiff's mental impairments do not cause more than "mild"
limitation in activities of daily living; social functioning; or
concentration, persistence, and pace, and Plaintiff did not have
any episodes of decompensation.  Tr. 15-16.  Accordingly, the ALJ
concluded Plaintiff's mental impairments were nonsevere.  Tr. 16.

     The record reflects, however, that Plaintiff's mental
impairments are more than minimal.  Although the ALJ correctly
noted there are numerous instances in which Plaintiff's treatment
providers noted improvement in Plaintiff's anxiety and depression
symptoms or that Plaintiff's symptoms were under control at that
time (*e.g.*, Tr. 226, 240, 252, 276, 323, 411, 485, 540), the
record as a whole reflects Plaintiff's anxiety and depression
were significant issues for which Plaintiff sought consistent
treatment from her primary-care providers as well as Dr.
Commerford.  The ALJ's determination that Plaintiff's mental
impairments did not pass the "*de minimis* screening device to
dispose of groundless claims" at Step Two, therefore, is not

supported by substantial evidence in the record.[2]  *See Edlund*, 253 F.3d at 1158 (quoting *Smolen*, 80 F.3d at 1290).

On this record, therefore, the Court concludes the ALJ erred at Step Two when he found Plaintiff's mental impairments are nonsevere.  This error is not harmless because the ALJ did not include any mental limitations in his assessment of Plaintiff's RFC.  *See Burch*, 400 F.3d at 682.

## II.  **Plaintiff's Testimony**

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  *See also Spelatz v. Astrue*, 321 F. App'x 689, 692 (9th Cir. 2009).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). *See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F. App'x 570, 570 (9th Cir. 2012).

---

[2] In contrast, the Court notes many of the factors that the ALJ relied on in his erroneous assessment that Plaintiff's mental impairments were nonsevere at Step Two are appropriately considered when the ALJ weighs testimonial evidence and assesses Plaintiff's RFC.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834).

At the August 5, 2013, hearing, Plaintiff testified she has difficulty with concentration and memory and cannot perform work that requires intensive concentration. Tr. 38. Plaintiff stated, however, that she recently completed coursework in medical coding and was doing an internship four days per week, eight hours per day. Tr. 35-36. Plaintiff testified she experiences neuropathy in both feet, which makes her feet feel like they have "fallen asleep." Tr. 40-41. Plaintiff also noted she suffers from hip and back pain as a result of previous surgeries, but the pain is not significant. Tr. 40-41.

In her Adult Function Report dated November 16, 2011, Plaintiff reported she suffers from "a lot of anxiety and depression" as a result of losing her previous employment as a registered nurse. Tr. 163. Plaintiff stated she exercises on a

treadmill for 30 minutes per day, helps care for her grandson by preparing meals and provides him with transportation to and from school, and can perform daily household chores including laundry and yard work.  Tr. 164-66.  Plaintiff reported she has difficulty with completing tasks and concentration as a result of her conditions and can pay attention for "sometimes 30 seconds, sometimes longer."  Tr. 168.  In addition, Plaintiff stated she "feel[s] intimidated by some authority figures" and has a lot of anxiety when she is around unfamiliar people.  Tr. 168-69. Finally, Plaintiff stated she "feel[s] better," is "able to go about the activities of daily living," and is "working at finding work in a different field."  Tr. 170.

The ALJ discredited Plaintiff's testimony because her "allegations of disability have little to no support" and Plaintiff's "allegations of daily living are inconsistent with disability."  Tr. 17-18.  The Court concludes the reasons the ALJ provided constitute clear and convincing reasons for discrediting Plaintiff's testimony.

The ALJ reasonably concluded Plaintiff's activities (including exercising at the gym, passing a medical coding class and certification examination, and participating in an internship) are inconsistent with her allegations of disabling mental and physical limitations.  Tr. 15, 18.  The ALJ also reasonably concluded treatment providers frequently noted

14 - OPINION AND ORDER

Plaintiff's anxiety and depression were improving and under control and that Plaintiff frequently did not report any significant physical impairments. *See, e.g.*, Tr. 226, 379, 426, 443, 540.

Accordingly, on this record the Court concludes the ALJ provided legally sufficient reasons supported by substantial evidence in the record for rejecting Plaintiff's allegations of disabling mental and physical impairments.

**III. <u>Dr. Commerford's Opinion</u>**

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are supported by substantial evidence in the record. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010)(quoting *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a treating physician is "given greater weight than the opinions of other physicians." *Kelly v. Astrue,* No. 10-36147, 2012 WL 767306, at *1 (9th Cir. 2012)(quoting *Smolen v. Chater,* 80 F.3d 1273, 1285 (9th Cir. 1996)).

A nonexamining physician is one who neither examines nor

15 - OPINION AND ORDER

treats the claimant. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995). *See also Garrison v. Colvin*, No. 12-CV-15103, 2014 WL 3397218, at *13 (9th Cir. 2014). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Taylor,* 659 F.3d at 1233 (quoting *Lester*, 81 F.3d at 831). When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate her reasons for doing so with specific and legitimate reasons supported by substantial evidence. *See, e.g., Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). *See also Simpson v. Astrue*, No. 10-cv-06399-BR, 2012 WL 1340113, at *5 (D. Or. Apr. 18, 2012).

In a letter dated October 30, 2011, Dr. Commerford reported Plaintiff's symptoms of depression included sleep disturbance, appetite and eating pattern changes, "significant problems with concentration and decision-making," decreased motivation, tearfulness, "worry and ruminations," low self-esteem, and self-questioning. Tr. 214. Dr. Commerford stated Plaintiff

"struggled with completing activities of daily living."  Tr. 214.
In addition, Dr. Commerford noted Plaintiff

> reports limitations in maintaining attention and
> concentration, meeting schedules and sustaining
> routines, and making simple work-related decisions.
> She is not able to complete a normal workday without
> interference from psychologically-based symptoms.  She
> is highly sensitive to feedback or criticism from
> supervisors, and finds it difficult to ask for
> assistance.

Tr. 215.

On July 27, 2013, Dr. Commerford wrote a letter that was
in many respects identical to her October 30, 2011, letter.
Tr. 589-90.  The July 27, 2013, letter additionally indicated
Plaintiff had completed training in medical coding and billing,
and was completing an internship "in a billing setting," but
that she had "some problems with memory and concentration
while working at the internship."  Tr. 590.  In addition,
Dr. Commerford submitted a worksheet reflecting her assessment of
Plaintiff's mental RFC in which she indicated Plaintiff was
moderately limited in most functions relating to understanding,
memory, concentration, and persistence, but not significantly
limited in most other respects.  Tr. 570-73.

The ALJ gave Dr. Commerford's opinions "zero weight" on the
grounds that they are inconsistent with the normal mental-status
examination findings and the medical record as a whole, they
are not supported by any mental-status examination findings
or assessments in Dr. Commerford's treatment notes, and

17 - OPINION AND ORDER

Dr. Commerford relied on Plaintiff's subjective self-reporting.

The Court notes Dr. Commerford's opinion was contradicted by the opinion of Paul Rethinger, Ph.D., a nonexamining psychologist.  Tr. 56-57.  Accordingly, the ALJ was required to provide specific and legitimate reasons for discrediting Dr. Commerford's opinion.  *See Ryan*, 528 F.3d at 1198.  Indeed, the ALJ correctly noted Dr. Commerford's opinion was explicitly based in large part on Plaintiff's subjective reporting.  *See* Tr. 590 ("*Ms. Inskeep reports* limitations in maintaining attention and concentration, meeting schedules and sustaining routines, and making simple work-related decisions.") (emphasis added). Moreover, Dr. Commerford's testimony that Plaintiff was unable to maintain her activities of daily living was inconsistent with many portions of the medical record as well as Plaintiff's own testimony.

Accordingly, on this record the Court concludes the ALJ provided legally sufficient reasons supported by substantial evidence in the record for rejecting Dr. Commerford's opinion.

**IV.  Remand**

Having found the ALJ erred when he improperly failed to find at Step Two that Plaintiff's mental impairments are severe, the Court must determine whether to remand this matter for further proceedings or to remand for the immediate calculation of benefits.

18 - OPINION AND ORDER

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *See, e.g.*, *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012). The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Ninth Circuit has established a three-part test for determining when evidence should be credited and an immediate award of benefits directed. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See, e.g.*, *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

Here further administrative proceedings are necessary to formulate an assessment of Plaintiff's RFC that includes Plaintiff's mental limitations and to determine whether Plaintiff is disabled. Accordingly, the Court remands this matter to the Commissioner for further administrative proceedings.

19 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 27th day of June, 2016.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER